# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL MARTINEZ, | : | Civil No. 3:17-cv-171 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| CRAIG LOWE,[1] | : | |
| Respondent | : | |

## MEMORANDUM

Presently pending before the Court is Petitioner Rafael Martinez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his prolonged detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). For the reasons set forth below, the petition for writ of habeas corpus will be dismissed as moot.

## I. Immigration Proceedings

On November 17, 1988, Martinez, a native and citizen of the Dominican Republic, was admitted to the United States as a lawful permanent resident, class P53. (Doc. 5-1, at 4, Notice to Appear).

On or about January 12, 2000, Martinez sought admission to the United States as a

---

[1] The proper respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2243, R. GOVERNING § 2254 CASES R. 2(a). Hence, Craig Lowe, Warden of the Pike County Correctional Facility, is the sole proper respondent in this action, and the Clerk of Court will be directed to terminate respondents Loretta Lynch, Thomas Decker, Jeh Johnson, and Sarah Saldana.

returning lawful permanent resident. (Doc. 5-1, at 4, Notice to Appear). On that same date, he was paroled into the United States at Newark, New Jersey, for deferred inspection on March 13, 2000. (*Id.*). Martinez failed to appear at his March 13, 2000 inspection. (*Id.*). On July 21, 2004, Martinez was convicted of assault by means of a dangerous weapon in Lawrence District Court in Massachusetts and sentenced to one-year imprisonment, with one year suspended. (*Id.*).

On October 31, 2011, Martinez was convicted of distribution of heroin and money laundering in the Middle District of Pennsylvania. (*Id.*). He was sentenced to 84 months' imprisonment on each count, to run concurrently. (*Id.*).

On March 25, 2016, ICE officials served a Notice to Appear on Martinez indicating that he was an arriving alien subject to removal from the United States pursuant to §§ 212 (a)(2)(A)(i)(I), 212 (a)(2)(B), 212 (a)(2)(A)(i)(II), 212 (a)(2)(C), and 212 (a)(2)(I)(i) of the Immigration and Nationality Act ("INA") based on his criminal history. (*Id.*). Martinez was taken into ICE custody on March 25, 2016. (Doc. 1, at 4).

On May 6, 2016, an immigration judge ordered Martinez removed from the United States. (Doc. 5-1, at 9-13, Ruling and Order of the Immigration Judge dated May 6, 2016). Martinez appealed the May 6, 2016 Order of the immigration judge to the Board of Immigration Appeals ("BIA"). (Doc. 5-1, at 15-18, Decision of the Board of Immigration Appeals). On October 13, 2016, the BIA remanded Martinez's case back to the immigration

judge for further proceedings and entry of a new decision. (*Id.*). On June 29, 2017, an immigration judge denied Martinez's motion to terminate the proceedings. (Doc. 11, at 11). Martinez appealed the immigration judge's June 29, 2017 decision to the BIA. (*Id.*). On November 28, 2017, the BIA dismissed the appeal. (*Id.*).

Martinez appealed the BIA's decision to the Third Circuit Court of Appeals. (*Id.* at 3). On December 11, 2017, the Third Circuit issued a temporary stay of removal. *See Martinez v. Attorney General*, No. 17-3621 (3d Cir. 2017). On October 4, 2018, the Third Circuit Court of Appeals denied Martinez's motion for a stay of removal, and vacated the temporary stay of removal entered on December 11, 2017. *See id.* The Third Circuit found that Martinez failed to show that he is likely to succeed on his petition for review, and failed to show that he faces irreparable harm if removed to the Dominican Republic or that the public interest weighs in favor of a stay. *See id.*

## II. Discussion

Martinez contends that his continued detention pending the resolution of his case violates Due Process as the length of his detention has become unreasonable. In order to evaluate his claim, the Court must first ascertain the statutory basis for Martinez's detention. Martinez was initially held pursuant to 8 U.S.C. § 1225, which governs detention of "arriving aliens." *See* (Doc. 14; Doc. 17, pp. 3-5). Even though Martinez was paroled into the United States, he was still an "arriving alien" subject to detention under § 1225(b). *See* 8 C.F.R. §

3

1.2 ("Arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport. An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked."); *Zheng v. Gonzales*, 422 F.3d 98, 110 (3d Cir. 2005) (arriving alien "encompasses not only aliens who are actually at the border, but also aliens who were paroled after their arrival").

While § 1225 may have initially controlled Martinez's detention, because the BIA dismissed Martinez's appeal and because Martinez's motion for a stay of removal was ultimately denied by the Third Circuit, Martinez is currently subject to a final order of removal and is therefore subject to detention pursuant to 8 U.S.C. § 1231. *See* 8 U.S.C. § 1231(a)(1)(B); *Leslie v. Att'y Gen.*, 678 F.3d 265, 268-70 (3d Cir. 2012) (§ 1231 governs the detention of aliens subject to a final order of removal not subject to a stay of removal). As such, Martinez's detention status changed from pre-final order detention, to post-final order detention with the October 4, 2018 denial of his motion to stay by the Third Circuit. Therefore, Martinez's claim pursuant to § 1225 is necessarily moot because he is now

subject to a final order of removal.[2] See *Ufele v. Holder*, 473 F. App'x 144 (3d Cir. 2012) (finding that when the BIA's order became administratively final, petitioner's detention switched from § 1226 to § 1231, thereby rendering moot his claim challenging the lawfulness of his detention under § 1226); *Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009) (finding that the change in the procedural posture of the case from pre-final order to post-final order mooted petitioner's challenge to pre-final order detention under section 1226(c) because "[t]he injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226(c), can no longer be redressed by a favorable judicial decision"). Consequently, the habeas petition will be dismissed as moot, without prejudice to Martinez's right to file a new section 2241 petition challenging his post-final order detention under 8 U.S.C. § 1231.

A separate Order shall issue.

Dated: October 31st, 2018

Robert D. Mariani
United States District Judge

---

[2] Federal courts may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). To be an actual case or controversy, there must be injury that "is likely to be redressed by a favorable decision." *Valley Forge Christian College v. Amercans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (quoting *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38 (1976)). The necessity of an actual case or controversy continues through all stages of the proceeding, including appeals. *Lewis*, 494 U.S. at 477-78.

5